IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DENNIS MAYES                          §
(TDCJ No. 2062242),                   §
                                      §
              Plaintiff,              §
                                      §
V.                                    §          No. 3:16-cv-343-L-BN
                                      §
SHERIFF LUPE VALDEZ, ET AL.,          §
                                      §
              Defendants.             §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This *pro se* civil rights action, filed by Plaintiff Dennis Mayes, concerning events that occurred while he was in the custody of the Dallas County Jail (the "Jail"), has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and an order of reference. *See* Dkt. No. 14.

Defendant Sheriff Lupe Valdez has moved for summary judgment as to her affirmative defenses, including that she is entitled to qualified immunity and that Mayes failed to exhaust available administrative remedies under the Prison Litigation Reform Act (the "PLRA"). *See* Dkt. Nos. 18, 19, & 20; *see also* 42 U.S.C. § 1997e(a).

As to the qualified-immunity defense, Mayes has moved for leave to conduct discovery, *see* Dkt. Nos. 24 & 28, and, in response to an order concerning qualified-immunity discovery, *see* Dkt. No. 29, Sheriff Valdez has limited the scope of the pending summary judgment solely to her exhaustion affirmative defense, *see* Dkt. No.

-1-

30. Mayes has filed a response to the narrowed motion. *See* Dkt. Nos. 32, 33, 34, & 35. And Sheriff Valdez has filed a reply brief. *See* Dkt. No. 38.

The undersigned now enters the following findings of fact, conclusions of law, and recommendation that, for the reasons explained below, the Court should grant Sheriff Valdez's summary judgment motion to the extent that, because Mayes failed to exhaust available administrative remedies as to one of his grievances, the subject matter of that grievance should not be considered in this action and the Court should otherwise deny the motion for summary judgment without prejudice to Sheriff Valdez's reasserting her non-exhaustion-related affirmative defenses in the future.

## Applicable Background

Mayes has filed a complaint against Sheriff Valdez and at least three unnamed Jail officials – "Unknown Chaplin of DCJ"; "Unknown North Tower Captain"; and "Unknown North Tower Shift Supervisors" – concerning his access to Islamic religious services while he was incarcerated in the Jail. *See* Dkt. No. 3. Mayes indicated on his complaint that he "exhausted all steps of the institutional grievance procedure," but he failed to attach to the complaint "a copy of [his] final step of the grievance procedure with the response supplied by" the Jail. *Id.* at 3.

Regardless, there is no dispute that Mayes submitted two grievances concerning the allegations in his complaint – grievance #153852 (the "first grievance") and grievance #154408 (the "second grievance"). *See, e.g.*, Dkt. No. 20 (appendix to summary judgment motion); Dkt. No. 35 (Mayes's affidavit). And Sheriff Valdez's exhaustion affirmative defense turns on whether Mayes's failure to appeal either

grievance bars this Court from considering the complaints grieved about. *See, e.g.*, Dkt. No. 38.

In light of *Cowart v. Ervin*, 837 F.3d 444 (5th Cir. 2016), in which the United States Court of Appeals for the Fifth Circuit recently addressed the available administrative remedies at the Jail specifically, *see id.* at 451-52, Sheriff Valdez concedes that Mayes exhausted administrative remedies as to the first grievance because the Jail failed to timely respond to the merits of that grievance, thereby relieving Mayes of the obligation to appeal, *see* Dkt. No. 38 at 2 (noting that the "answer [to the first grievance] was untimely under the procedures of the Dallas County Sheriff's Department; the answer should have be made and given to Plaintiff within 60 days of October 28, 2015, which would have been December 28, 2015. The answer was late by 28 days. Under the reasoning of *Cowart*, Plaintiff had no obligation to appeal this grievance to have exhausted his available remedies.").

But Sheriff Valdez maintains that, "[a]t a minimum," because Mayes failed to appeal the denial of the second grievance, which she asserts "is not governed by the *Cowart* decision," "the rules of exhaustion preclude [him] from grieving about those matters set forth anew" in the second grievance. *Id.* at 2, 5.

Accordingly, the analysis below is limited to the second grievance.

## Legal Standards and Analysis

Under the PLRA, "'[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any

jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.'" *Davis v. Fernandez*, 798 F.3d 290, 294 (5th Cir. 2015) (quoting Section 1997e(a)).

"[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules – rules that are defined not by the PLRA, but by the prison grievance process itself. Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to properly exhaust." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (internal quotation marks and citations omitted); *accord Cantwell v. Sterling*, 788 F.3d 507, 509 (5th Cir. 2015) (per curiam) ("Exhaustion is defined by the prison's grievance procedures, and courts neither may add to nor subtract from them." (citations omitted)); *Kidd v. Livingston*, 463 F. App'x 311, 313 (5th Cir. 2012) (per curiam) ("It is the prison's requirements, not the [PLRA], that define the requirements of exhaustion"); *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001) ("Nothing in the [PLRA] prescribes appropriate grievance procedures or enables judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems" (footnote omitted)).

"Inmates need not exhaust all administrative remedies, however, but only those that are 'available' to them," and, "[w]henever defendants claim a failure to exhaust, they have the burden to prove that the plaintiff did not exhaust administrative remedies that were actually available to him." *Davis*, 798 F.3d at 294-95 (citations

omitted); *see Cowart*, 837 F.3d at 451 ("The PLRA requires prisoners to exhaust such administrative remedies as are available prior to filing a § 1983 action regarding prison conditions." (citations and internal quotation marks omitted)).

> The Fifth Circuit recently set out the procedures available to inmates at the Jail:

> It is undisputed that the Dallas County jail provides a two-step grievance procedure: First, a prisoner must submit a written grievance to any staff member at the jail (Step 1); second, a prisoner must appeal an adverse decision to the Detention Service Manager (Step 2). According to the jail's inmate handbook, the Grievance Board, upon receiving a grievance, "sends a[n] interim reply to the inmate showing grievance receipt, and the grievance criteria the grievance is judged on." The Board sends the interim reply to the prisoner within 15 days of receipt; an answer within 60 days.

*Cowart*, 837 F.3d at 451; *compare id.*, *with* Dkt. No. 20 at 7-8 (Elizabeth Lutton Aff.) (under the policy applicable during Mayes's incarceration, "to complain about some condition or event of his confinement, an inmate must file a written grievance, which is reviewed by the Grievance Board. If unhappy with the disposition of the grievance, an inmate may then appeal to the Chief Deputy, Office of Inmate Housing. Under the rules and procedures of the [Dallas County Sheriff's Department], an inmate has not exhausted all of his available remedies until he has filed an appeal disagreeing with the Grievance Board's ruling on whatever grievance he filed.").

Mayes testifies, through a sworn affidavit, that, "[a]t the time [he] filed this complaint, [he] was not aware that the Jail had an appeals process to [its] grievance system" and that "[i]t was not until [he] read the Grievance Plan in Defendants['] appendix [to the summary judgment motion], that [he] knew such a thing existed." Dkt. No. 35 at 2.

But, while the Court should "credit" this affidavit as "competent summary-judgment evidence," any "fact dispute" as to Mayes's actual knowledge of an appellate requirement "is immaterial" "if it does not excuse [his] failure to exhaust administrative remedies." *Leggett v. Lafayette*, 608 F. App'x 187, 190 (5th Cir. 2015) (per curiam) (citing *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010)); *see Davis*, 798 F.3d at 295 ("[C]ourts may *not* deem grievance procedures unavailable merely because an inmate was ignorant of them, so long as the inmate had a fair, reasonable opportunity to apprise himself of the procedures." (emphasis in original; citations omitted)).

Here, as in *Davis*,

> undisputed evidence shows that the jail's grievance procedures are published in an inmate handbook, which is in the record, and explained on jail television, and[, like Davis, Mayes] does not contend that any circumstances precluded him from accessing either source. Therefore, [Mayes's] ignorance of the grievance procedures, without more, is no basis to deem them unavailable.

798 F.3d at 295; *see, e.g.*, Dkt. No. 20 at 7 (Lutton Aff.) ("Attached hereto is a copy of the Grievance Plan for the DCSD – Quality Assurance Unit and the Inmate Handbook, the latter of which is given to all Inmates as they enter the Dallas County Jail ('Jail'). The contents of the Handbook are also broadcast on Channel 3 on the closed circuit televisions located throughout the Jail. These documents reflect the policies and practices in effect throughout Mayes' most recent incarceration in the Jail.").

But, here, unlike in *Davis*, there is no summary-judgment evidence that the required appellate component of the Jail's grievance procedures was "unavailable to

[Mayes because] the correctional facility's staff misled [him] as to the existence [of that requirement] so as to cause [Mayes] to fail to exhaust such process." *Davis*, 798 F.3d at 295 (citations omitted).

The undersigned acknowledges that Mayes testifies that he "asked several guards about a Step 2 grievance form" and that "[t]here was no such form in the North Tower." Dkt. No. 35 at 2. But the record reflects that submission of a grievance – or an appeal of an adverse grievance decision – need not be made on a particular form. *See* Dkt. No. 20 at 13 ("The grievance may be written on the Grievance Form: This is the preferred method, but not required."); *see also id.* at 20 (not specifying that an appeal be made on a particular form). *Cf. Turner v. Clelland*, 1:15CV947, 2016 WL 6997500, at *10 (M.D.N.C. Nov. 30, 2016) ("Plaintiff has stated that, after Defendant Huneycutt instructed Plaintiff to grieve his religious issues through a DC-572 Form, ACI staff would not provide Plaintiff with that form, thus thwarting his attempts to grieve his religious issues.... [C]onstrued in the light most favorable to Plaintiff, through their alleged actions of withholding the DC-572 Form, ACI staff prevented Plaintiff from pursuing his administrative remedies, thus rendering such remedies unavailable," characterizing the withholding of a form required to grieve as a "'machination' and/or 'misrepresentation' [that] may render administrative remedies unavailable" (quoting *Ross v. Blake*, 136 S. Ct. 1850, 1860 (2016))).

For these reasons, because Mayes failed to exhaust all administrative remedies available to him as to the second grievance before filing this action, the Court should not consider that grievance in this action.

Therefore, the scope of this action is governed by the first grievance alone. *Cf. Darker v. Ferrero*, No. 1:03-CV-2526-RWS, 2004 WL 5459957, at *2 (N.D. Ga. Nov. 24, 2004) (concluding "that, through at least one grievance, Plaintiff exhausted the administrative remedies available to him regarding the precise subject-matter at issue in this litigation, and had done so at the time he initiated the instant lawsuit. Consequently, this action is not subject to dismissal pursuant to 42 U.S.C. § 1997e(a)."); *Boyce v. McKnight*, No. 14 C 0418, 2015 WL 8778330, at *8 (N.D. Ill. Dec. 15, 2015) ("Therefore, '[t]he subject matter of the exhausted grievance must actually relate to the actions, policies, or procedures at issue in the case.'" (quoting *Bruce v. Ghosh*, No. 11-CV-3138, 2015 WL 1727318, at *5 (N.D. Ill. Apr. 13, 2015))).

## Recommendation

The Court should grant Sheriff Valdez's summary judgment motion [Dkt. No. 18] to the extent that, because Mayes failed to exhaust available administrative remedies as to one of his grievances, the subject matter of that grievance should not be considered in this action. And the Court should otherwise deny the motion for summary judgment without prejudice to Sheriff Valdez's reasserting her non-exhaustion-related affirmative defenses in the future.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 11, 2017

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE