IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DENNIS MAYES, #2062242,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:16-CV-343-L** |
| | § | |
| **SHERIFF LUPE VALDEZ,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On January 11, 2017, United States Magistrate Judge David L. Horan entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report"), recommending that the court grant Sheriff Valdez's Motion for Summary Judgment (Doc. 18) with respect to Plaintiff's second grievance for failure to exhaust available administrative remedies and otherwise deny the motion without prejudice.  Report 8.  The magistrate judge notes that, although Sheriff Valdez, originally moved for summary judgment on her defenses of qualified immunity and exhaustion, she subsequently limited the scope of her summary judgment motion to her exhaustion defense. Plaintiff filed objections to the Report, contending that he exhausted available administrative remedies with respect to his first and second grievances, which are identical.

Having reviewed the motions, briefs, pleadings, admissible summary judgment evidence, file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court as herein **modified.**  The court **overrules** Plaintiff's objections, **grants** Sheriff Valdez's Motion for Summary Judgment (Doc. 18)

**Order – Page 1**

with respect to Plaintiff's second grievance and related claim brought under 42 U.S.C. § 1983, and **dismisses without prejudice** this claim.* Instead of otherwise denying without prejudice Sheriff Valdez's Motion for Summary Judgment, the court **denies** the motion with respect to the other grounds relied upon by the Sheriff, as the court's Local Civil Rules allow the parties to file only one summary judgment motion.

**It is so ordered** this 23rd day of February, 2017.

Sam A. Lindsay
United States District Judge

---

\* Statutory exhaustion requirements are jurisdictional prerequisites to filing suit. *Williams v. J.B. Hunt Transp., Inc.*, 826 F.3d 806, 810 (5th Cir. 2016). When a party does not exhaust administrative remedies, the court lacks subject matter jurisdiction. *Id.*; *see also Taylor v. United States Treasury Dep't*, 127 F.3d 470, 475 (5th Cir. 1997) (explaining that statutory exhaustion requirements are "tantamount to a legislative investiture of exclusive original jurisdiction in the agency"). Because it is a jurisdictional prerequisite, issues regarding statutory exhaustion are generally resolved early in the litigation by motion to dismiss rather than by summary judgment, which deals with the merits of claims. Although the issue was raised in this case via summary judgment, the court concludes that it is appropriate to treat Sheriff Valdez's summary judgment motion regarding her exhaustion defense to Plaintiff's claim based on his second grievance as a motion to dismiss.